FILED
JUN - 5 2009

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Case No. 01-321-KI |
| ) | Civil Case No. 08-70021 |
| vs. ) | |
| ) | |
| ROBERT J. SKIRVING, ) | OPINION AND ORDER |
| ) | |
| Defendant. ) | |
| ) | |

Karin J. Immergut
United States Attorney
Kent S. Robinson
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

    Attorneys for Plaintiff

Robert J. Skirving
Federal Prison Camp
P. O. Box 6000
Sheridan, Oregon 97378-6000

    Pro Se Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Defendant Robert Skirving asks me to reconsider his sentence under either 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b)(1), Relief from Judgment or Order. For the reasons below, I deny the motion.

## DISCUSSION

I sentenced Skirving to a 97-month sentence as called for in his plea agreement reached under Federal Rule of Criminal Procedure 11(c)(1)(C). Skirving asks me to reconsider his sentence and reduce it to either 72 months, the amount of time I gave codefendant Laurent Barnabe, or 85 months, the amount of time discussed in settlement negotiations conducted by a magistrate judge and attended by all four codefendants. Skirving points out that he was the first to plead guilty and the government hoped that his plea would break the ice and induce the other defendants to also plead guilty.

Skirving also relies on paragraph 12 of his plea agreement:

> **Contingency**: In the event that defendant and his three codefendants in United States v. Regale, et al., CR 01-321 (KI), arrive at a joint disposition before sentencing, defendant will be permitted to withdraw from this plea agreement, provided that the joint agreement with his codefendants is fully executed.

Skirving claims that this paragraph was inserted to assure him that the sentences would be handed out equally among all codefendants. Skirving specifically does not ask to withdraw his guilty plea, however, he asks me to reduce his sentence so that it is in line with the others.

I will not reduce Skirving's sentence. Paragraph 12 does not apply because there was no joint disposition. All four co-defendants entered into separate plea agreements with the government. Moreover, the paragraph only provided for Skirving to withdraw from the plea

Page 2 - OPINION AND ORDER

agreement and he does not wish to do that. The plea agreement protects his wife from prosecution.

Most importantly, however, is that I gave Skirving the sentence he bargained for in the Rule 11(c)(1)(C) agreement.

Finally, the plea agreement prohibits any motions to set aside the conviction and sentence except on the grounds of ineffective assistance of counsel. Skirving calls his counsel inept for failing to insist upon the enforcement of paragraph 12, quoted above. Counsel was far from inept. As I noted above, paragraph 12 does not apply so counsel did not provide ineffective assistance by failing to insist upon it.

## CONCLUSION

Skirving's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#798) is denied.

IT IS SO ORDERED.

Dated this \_\_\_\_5th\_\_\_\_ day of June, 2009.

_____
Garr M. King
United States District Judge

Page 3 - OPINION AND ORDER